UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGENTA WILLIAMS, et al.,

   Plaintiffs,

  v.

EXETER FINANCE LLC, et al.,

   Defendants.

Case No. 19-cv-05862-SVK

**ORDER (1) TERMINATING BRIEFING SCHEDULE AND HEARING ON MOTION TO STRIKE AFFIRMATIVE DEFENSES AND (2) DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Re: Dkt. No. 27

Now before the Court is Plaintiffs' Motion to Strike Affirmative Defenses. Dkt. 27. Defendants oppose the motion. Dkt. 30. Pursuant to Civil Local Rule 7-1(b) and in the interest of judicial economy, the Court hereby TERMINATES the remaining briefing schedule (*i.e.*, the deadline for Plaintiffs to file a reply), TERMINATES the hearing on the motion, and DENIES Plaintiffs' motion to strike for the reasons and on the condition discussed below.

## I. LEGAL STANDARD

A court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). A motion to strike also may be justified where it simplifies the litigation. *See Free Speech Systems, LLC v. Menzel*, 390 F. Supp. 3d 1162, 1176 (N.D. Cal. 2019).

However, Rule 12(f) motions are generally disfavored because they are frequently used as stalling tactics, and because the pleadings are of more limited importance in federal practice. *Arthur v. Constellation Brands, Inc.*, No. 16-cv-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016). If there is any doubt, the motion to strike should be denied, leaving assessment of the sufficiency of the defense for adjudication on the merits. *Id.* Some courts also deny Rule 12(f) motions unless prejudice would result to the moving party as a result. *Id.*

When striking an affirmative defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## II. DISCUSSION

Plaintiffs challenge Defendants' second through tenth, twelfth through fourteenth, and sixteenth through nineteenth affirmative defenses, arguing that they fail to meet applicable pleading standards or fail to state an affirmative defense. Dkt. 28. In the Court's view, assessment of the sufficiency of defenses is better left for adjudication on the merits. In recognition of Plaintiffs' concerns, however, the Court will permit Plaintiffs to serve one interrogatory per each challenged affirmative defense to assist Plaintiffs in discovering the basis for those defenses without counting such interrogatories toward Plaintiffs' 25-interrogatory limit in this case. *See* Fed. R. Civ. P. 33(a)(1). Plaintiffs have not shown that the inclusion of the challenged defenses under these circumstances would prejudice Plaintiffs, and their removal would not simplify the litigation. *See Free Speech Systems,* 390 F. Supp. 3d at 1176 (denying motion to strike affirmative defense that do not add complexity and will not prejudice plaintiff); *Arthur*, 2016 WL 6248905, at *4 ("parsing negative from affirmative defenses is unnecessary because [plaintiff] has made no showing that he will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues").

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike affirmative defenses is DENIED. Plaintiffs may serve one interrogatory per each challenged affirmative defense (*i.e.,* the second through tenth, twelfth through fourteenth, and sixteenth through nineteenth affirmative defenses) seeking the basis of those defenses, and such interrogatories will not count toward Plaintiffs' 25-interrogatory limit in this case.

**SO ORDERED.**

Dated: December 11, 2019

SUSAN VAN KEULEN
United States Magistrate Judge

2